UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BENJAMIN GOTTKE, Plaintiff | CASE NO. 1:18-CV-1400; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| WINN CORRECTIONAL CENTER, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Benjamin Gottke (#328995) ("Gottke"). Gottke is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Dixon Correctional Center ("DCC") in Jackson, Louisiana.

### I.     Background

Gottke alleges he engaged in a fight with another inmate while incarcerated at Winn Correctional Center ("WCC"). Gottke was seriously injured and rendered unconscious in the altercation. When Gottke woke up, he was in the hospital with a broken ankle and hip. (Doc. 1-2, p. 1). A few days later, Gottke's leg was amputated. Gottke claims he suffers from pain constantly. Gottke alleges a failure to protect by the DOC.

### II.    Instructions to Amend

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Rule 8 pleading standard does not require "detailed factual

allegations," but demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Gottke only names WCC and Inmate Green as defendants. (Doc. 1, p. 3). However, neither of those Defendants can be sued under § 1983. Inmate Green is not a state actor, so he cannot be held liable for a civil rights violation. WCC is not a juridical person subject to suit. See La. Civ. Code art. 24; Fed. R. Civ. P. 17 (capacity to sue or be sued is determined by state law).

Therefore, Gottke shall amend his complaint and provide:

(1) the name(s) of EACH person who allegedly violated Gottke's constitutional rights;

(2) a description of what actually occurred AND what EACH defendant specifically did to violate Gottke's rights;

(3) the place and date(s) that EACH event occurred; and

(4) a description of the injury sustained as a result of EACH alleged violation.

Additionally, although prison officials have a constitutional duty to protect prisoners from violence at the hands of fellow inmates, prison officials are not expected to prevent all inmate-on-inmate violence. See Farmer v. Brennan, 511 U.S. 825, 832-33, 834 (1994). Prison officials can be held liable for their failure to protect an inmate only when they are deliberately indifferent to a substantial risk of serious harm. See id. A prison official is deliberately indifferent if he knows of an "excessive

risk to inmate health or safety" and disregards that risk. Id. at 837. A prison official "knows of" an excessive risk only if: (1) he is aware of facts from which he could infer "that a substantial risk of serious harm exists;" and, (2) he "draw[s] the inference." Id. In other words, in order to be deliberately indifferent, a prison official must be subjectively aware of the risk. Id. at 839-40.

Gottke must explain how each named defendant acted with deliberate indifference and failed to protect him. Gottke should provide facts indicating whether Defendants had any knowledge that Gottke faced a substantial risk of harm by inmate Green.

To the extent Gottke wishes to pursue a claim for the deprivation of medical care, Gottke must state each date on which he requested medical care, what care he received, and what care was denied. Gottke must state the name of each defendant that deprived him of medical care and what injuries, if any, he suffered as a result.

## III. Conclusion

IT IS ORDERED that Gottke amend and supplement his complaint as instructed within 30 days of the filing of this Order.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.

Plaintiff is required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  26th  day of November, 2018.

                                                   Joseph H. L. Perez-Montes
                                           United States Magistrate Judge