UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BENJAMIN GOTTKE, Plaintiff | CASE NO. 1:18-CV-1400; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| WINN CORRECTIONAL CENTER, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 (Doc. 1) filed by pro se Plaintiff Benjamin Gottke (#328995) ("Gottke"). Gottke is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Dixon Correctional Center in Jackson, Louisiana. Gottke alleges that Defendants failed to protect him from an attack by another inmate at Winn Correctional Center ("WCC") and failed to provide adequate medical care following the attack. (Docs. 1, 9). Gottke names as Defendants Winn Correctional Center, Inmate Green, Billy Tigner, and Warden Deville.

Because Gottke fails to allege deliberate indifference by Defendants Deville and Tigner, and because WCC and Inmate Green cannot be sued under § 1983, Gottke's Complaint (Doc. 1) should be DENIED and DISMISSED WITH PREJUDICE.

I. Background

Gottke alleges he engaged in a fight with another inmate while incarcerated at WCC. Gottke was seriously injured and rendered unconscious in the altercation.

When Gottke woke up, he was in the hospital with a broken ankle and hip. (Doc. 1-2, p. 1). A few days later, Gottke's leg was amputated. Gottke claims he suffers pain as a result of his injuries. (Doc. 1).

Gottke was ordered to amend his complaint to state the name of each person who allegedly violated Gottke's constitutional rights; a description of what actually occurred and what each Defendant specifically did to violate Gottke's rights; the place and date that each event occurred; and a description of the injury sustained as a result of each alleged violation. (Doc. 8).

Gottke was further instructed to explain how each Defendant acted with deliberate indifference and failed to protect him. Gottke was ordered to provide facts indicating whether Defendants had any knowledge that Gottke faced a substantial risk of harm by inmate Green. (Doc. 8).

Finally, Gottke was informed that, if he wished to pursue a claim for the deprivation of medical care, Gottke must state each date on which he requested medical care, what care he received, and what care was denied. Gottke was also instructed to state the name of each person that deprived him of medical care and what injuries, if any, he suffered as a result. (Doc. 8).

In his Amended Complaint (Doc. 9), Gottke only names Warden Deville and Billy Tigner. However, Gottke does not provide any factual allegations of what either Defendant did to violate his rights.

## II. Law and Analysis

### A. Gottke's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Gottke is a prisoner who has been allowed to proceed in forma pauperis. (Doc. 7). As a prisoner seeking redress from an officer or employee of a governmental entity, Gottke's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003) (holding that prison management corporations and their employees are state actors under § 1983). Because he is proceeding in forma pauperis, Gottke's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for sua sponte dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B.  Gottke cannot state a claim against WCC or Inmate Green.

Gottke names WCC and Inmate Green as Defendants. (Doc. 1, p. 3). However, neither Defendant can be sued under § 1983. Inmate Green is not a state actor, so he cannot be held liable for a civil rights violation. See Polk County v. Dodson, 454 U.S. 312, 325 (1981); Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996).

Additionally, WCC is not a juridical person subject to suit. See La. Civ. Code art. 24; Fed. R. Civ. P. 17 (capacity to sue or be sued is determined by state law).

### C. Gottke fails to state a failure to protect claim.

Although prison officials have a constitutional duty to protect prisoners from violence at the hands of fellow inmates, prison officials are not expected to prevent all inmate-on-inmate violence. See Farmer v. Brennan, 511 U.S. 825, 832-33, 834 (1994). Prison officials can be held liable for their failure to protect an inmate only when they are deliberately indifferent to a substantial risk of serious harm. See id. A prison official is deliberately indifferent if he knows of an "excessive risk to inmate health or safety" and disregards that risk. Id. at 837. A prison official "knows of" an excessive risk only if: (1) he is aware of facts from which he could infer "that a substantial risk of serious harm exists;" and, (2) he "draw[s] the inference." Id. In other words, in order to be deliberately indifferent, a prison official must be subjectively aware of the risk. Id. at 839-40.

Gottke does not allege that Defendants Deville or Tigner acted with deliberate indifference in failing to protect him. Gottke does not allege that Defendants had any knowledge that Gottke faced a substantial risk of harm by Inmate Green.

### D. Gottke fails to state a claim for the deprivation of medical care.

Gottke does not present any allegations that Defendants Deville or Tigner deprived him of medical treatment in violation of his constitutional rights. Although Gottke claims that he is receiving no pain medication and has no prosthetic at Dixon Correctional Center, no individual from that facility is named as a defendant.

III. <u>Conclusion</u>

Because Gottke fails to allege deliberate indifference by Defendants Deville and Tigner, and because WCC and Inmate Green cannot be sued under § 1983, IT IS RECOMMENDED that Gottke's Complaint (Doc. 1) be DENIED and DISMISSED WITH PREJUDICE under §§ 1915(e)(2)(b) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this <u>27th</u> day of February, 2019.

Joseph H.L. Perez-Montes
United States Magistrate Judge