d

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| BENJAMIN GOTTKE,<br>Petitioner | CIVIL DOCKET NO. 1:18-CV-01400-P |
| VERSUS | JUDGE DRELL |
| WINN CORRECTIONAL<br>CENTER, *ET AL.*,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Petitioner filed a Motion to Appoint Counsel (ECF No. 21).

Although they arise from underlying criminal proceedings, federal habeas corpus proceedings are civil in nature. *United States v. Johnston*, 258 F.3d 361, 364 (5th Cir. 2001). Accordingly, "noncapital defendants have no . . . right to the appointment of counsel in federal habeas corpus proceedings." McFarland v. Scott, 512 U.S. 849, 857 n.3 (1994); accord Ortlof v. Fleming, 88 F. App'x 715, 717 (5th Cir. 2004).

Under 18 U.S.C. § 3006A, appointment of counsel is available for habeas petitioners when necessary in the interests of justice. See Habeas Corpus Rule 8(c); *Norris v. Wainwright*, 588 F.2d 130, 133–34 (5th Cir. 1979). And courts typically appoint counsel when an evidentiary hearing is required. See Rule 8(c), Rules Governing § 2254 Cases. Otherwise, appointment of counsel is generally unwarranted. *See Valenzuela v. Morris*, 245 Fed.Appx. 397, 398 (5th Cir. 2007)

(rejecting a petitioner's "conclusional" challenge to a district court's refusal to appoint counsel in a habeas proceeding under 28 U.S.C. § 2241).

In this case, Petitioner is a noncapital defendant with no statutory or absolute right to appointed counsel. And no other circumstances require the appointment of counsel "in the interests of justice."

Therefore, Petitioner's Motion (ECF No. 21) is hereby DENIED.

THUS DONE AND SIGNED in Alexandria, Louisiana, this 29th day of January 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE