# United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

January 31, 2020

Mr. Tony R. Moore
Western District of Louisiana, Alexandria
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101-0000

    No. 19-30370   Benjamin Gottke v. Winn Correctional Center, et al
                       USDC No. 1:18-CV-1400

Dear Mr. Moore,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                          Sincerely,

                          LYLE W. CAYCE, Clerk

                          By: _____
                          Dantrell L. Johnson, Deputy Clerk
                          504-310-7689

cc:
    Mr. Benjamin Gottke

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 19-30370
Summary Calendar
_____

D.C. Docket No. 1:18-CV-1400

United States Court of Appeals
Fifth Circuit
**FILED**
January 9, 2020
Lyle W. Cayce
Clerk

BENJAMIN GOTTKE,

    Plaintiff - Appellant

v.

WINN CORRECTIONAL CENTER; GREEN, Inmate, Winn Correctional Center; BILLY TIGNER; WARDEN DEVILL,

    Defendants - Appellees

Appeal from the United States District Court for the
Western District of Louisiana

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

**Certified as a true copy and issued as the mandate on Jan 31, 2020**

Attest: *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-30370
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 9, 2020

Lyle W. Cayce
Clerk

BENJAMIN GOTTKE,

Plaintiff - Appellant

v.

WINN CORRECTIONAL CENTER; GREEN, Inmate, Winn Correctional Center; BILLY TIGNER; WARDEN DEVILL

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:18-CV-1400

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Proceeding *pro se* and *in forma pauperis*, Benjamin Gottke, Louisiana prisoner # 328995, challenges the district court's dismissal, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, of his 42 U.S.C. § 1983 complaint. It claims a failure to protect and deliberate indifference to serious medical needs. The dismissal was for failure to state a claim upon which relief can be granted.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Case: 19-30370    Document: 00515293850    Page: 2    Date Filed: 01/31/2020
Case 1:18-cv-01400-DDD-JPM   Document 23   Filed 01/31/20   Page 4 of 6 PageID #: 95

No. 19-30370

The complaint's dismissal is reviewed under the same *de novo* standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998) (per curiam) (citations omitted). A complaint "must be dismissed" if it fails to "set forth enough facts to state a claim to relief that is plausible on its face". *Childers v. Iglesias*, 848 F.3d 412, 413–14 (5th Cir. 2017) (internal quotation marks and citation omitted).

To state a claim under § 1983, Gottke "must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law". *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). Additionally, he must show "that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation". *James v. Tex. Collin Cty.*, 535 F.3d 365, 373 (5th Cir. 2008) (citation omitted).

Pursuant to the Eighth-Amendment prohibition against cruel-and-unusual punishment, prison officials have a duty to protect prisoners from attacks by other prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (citations omitted). "To establish a failure-to-protect claim under § 1983, [Gottke] must show that he [was] incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (citation omitted). "In order to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (internal quotation marks and citation omitted).

Case: 19-30370    Document: 00515293850    Page: 3    Date Filed: 01/31/2020
Case 1:18-cv-01400-DDD-JPM   Document 23   Filed 01/31/20   Page 5 of 6 PageID #: 96

No. 19-30370

Prison officials also violate the Eighth-Amendment prohibition against cruel-and-unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs resulting in "the unnecessary and wanton infliction of pain". *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal quotation marks, italics, and citation omitted). To show deliberate indifference, plaintiff must establish that defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs". *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (citation omitted). A delay in medical care violates the Eighth Amendment only if it is due to deliberate indifference resulting in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Gottke asserts: unidentified prison officials failed to protect him from an attack by another inmate after he requested to be moved from his dormitory; there was a delay in their transferring him to the hospital following the attack, causing a left-leg infection that required the leg's amputation below the knee; and he is not receiving adequate medical care where he is presently incarcerated.

These allegations fail to state a failure-to-protect claim. Gottke did not show that any identified state actor was aware of articulated facts giving rise to an inference he was exposed to a substantial risk of harm, while also deliberately ignoring his need for protection, prior to his being attacked.

Additionally, Gottke fails to state a deliberate-indifference claim. He did not identify any state actor, aware of his injuries, who deliberately delayed transporting him to the hospital following the attack. Nor did he allege any facts—just his own opinion—showing that the alleged delay caused his leg's infection and subsequent amputation. Further, he failed to identify any state

Case: 19-30370 Document: 00515293850 Page: 4 Date Filed: 01/31/2020
Case 1:18-cv-01400-DDD-JPM Document 23 Filed 01/31/20 Page 6 of 6 PageID #: 97

No. 19-30370

actor who acted with deliberate indifference in the provision of medical care at his present place of incarceration.

The district-court dismissal of Gottke's complaint counts as a strike pursuant to 28 U.S.C. § 1915(g). Gottke is warned that, if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility, unless he "is under imminent danger of serious physical injury". *See* 28 U.S.C. § 1915(g).

AFFIRMED. SANCTION WARNING ISSUED.